UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EVANS, | No. 2: 19-cv-1376 JAM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. STRUVE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that plaintiff's claim alleging that defendants Gonzalez, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval violated the Eighth Amendment by filing reports falsely claiming that plaintiff resisted defendant Struve be dismissed for failing to state a potentially colorable claim for relief. See 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee, the court shall dismiss case at any time the court determines that the action fails to state a claim on which relief may be granted).

In the August 2, 2019 order directing service of defendants, the undersigned found that plaintiff's complaint stated the following potentially colorable claims for relief: 1) defendant Struve used excessive force against plaintiff on May 23, 2018; 2) defendants Gonzalez, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval witnessed the excessive force and failed to intervene; and 3) all defendants later falsely alleged, apparently in reports

prepared after the alleged excessive force incident, that plaintiff resisted defendant Struve.[1]  (ECF No. 6 at 1-2.)

Based on the case law cited herein, the undersigned finds that plaintiff's claim that defendants Gonzales, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval violated the Eighth Amendment by filing reports falsely stating that plaintiff resisted defendant Struve does not state a potentially colorable claim for relief.  See Villegas v. Schulteis, 2009 WL 3157519, at *6 (E.D. Cal. Sept. 28, 2009) ("While Walker's actions in submitting a false report and covering up the incident to protect his fellow correctional officers are wrongful, they do not rise to the level of an Eighth Amendment violation. Walker is only liable for his actions or inactions that could be said to have caused the attack to happen. Walker's actions in filing a false report cannot be said to have caused the attack to happen because by then the attack had already occurred."); see also Poe v. Huckaby, 2010 WL 1663141, at *6 (E.D. Cal. April 22, 2010) (dismissing without leave to amend claim that correctional officers violated the Eighth Amendment by filing a false report regarding an excessive force incident, because the "filing of the false reports occurred after the attacks" and therefore, the "false reports cannot be said to have caused or contributed to the unconstitutional use of excessive force").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claim alleging that defendants Gonzales, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval violated the Eighth Amendment by filing reports falsely stating that plaintiff resisted defendant Struve be dismissed for failing to state a potentially colorable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] In the complaint, plaintiff alleges, in relevant part, "Defendants D. Gonzales, L. Dingfelder, S. Richardson, D. Calderon, Valice, Sidebotham and C. McCarval were all in the area of the events and witnessed the brutality that Struve had imposed on the plaintiff and, simply observed his conduct and made attempts to cover-up for Struves unlawful actions by alleging plaintiff had resisted..." (ECF No. 1 at 11.)

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Evans1376.dis