UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. STRUVE, et al.,<br><br>    Defendants. | No. 2: 19-cv-1376 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. In the August 2, 2019 order directing service of defendants, the undersigned found that plaintiff's complaint stated the following potentially colorable claims for relief: 1) defendant Struve used excessive force against plaintiff on May 23, 2018; 2) defendants Gonzalez, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval witnessed the excessive force and failed to intervene; and 3) all defendants later falsely alleged, apparently in reports prepared after the excessive force incident, that plaintiff resisted defendant Struve.[1] (ECF No. 6 at 1-2.)

---

[1] In the complaint, plaintiff alleges, in relevant part, "Defendants D. Gonzales, L. Dingfelder, S. Richardson, D. Calderon, Valice, Sidebotham and C. McCarval were all in the area of the events and witnessed the brutality that Struve had imposed on the plaintiff and, simply observed his conduct and made attempts to cover-up for Struves unlawful actions by alleging plaintiff had resisted..." (ECF No. 1 at 11.)

1

On October 2, 2020, defendants filed a motion for partial summary judgment. (ECF No. 57.) Defendants move for summary judgment as to plaintiff's claim that defendants Gonzales, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval violated the Eighth Amendment when they allegedly failed to intervene when defendant Struve used excessive force against plaintiff. Plaintiff has not filed an opposition to defendants' motion for partial summary judgment.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. On March 16, 2020 and October 2, 2020, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to defendants' motion for partial summary judgment. If plaintiff fails to file an opposition, the undersigned will recommend dismissal of plaintiff's claim alleging that Gonzales, Dingfelder, Richardson, Calderon, Valice, Sidebotham and McCarval violated the Eighth Amendment by failing to intervene for lack of prosecution.

Dated: November 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Evans1376.nop